Filed 9/12/24  P. v. Gonzales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>SALVADOR GONZALES,<br><br>    Defendant and Appellant. | C098966<br><br>(Super. Ct. Nos. STK-CR-FE-2001-0008244, SF083084A) |

Defendant Salvador Gonzales filed a petition for resentencing under Penal Code section 1172.6,[1] which the trial court denied, finding defendant failed to make a prima

---

[1] Undesignated statutory references are to the Penal Code.

Defendant originally filed his petition under former section 1170.95.  The Legislature amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2).  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (See Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout the opinion.

1

facie showing for relief. Defendant appealed the order denying him postconviction relief, and appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant. Defendant filed a supplemental brief. Having considered defendant's supplemental brief in accordance with *Delgadillo*, we affirm the order.

## BACKGROUND

On March 24, 2001, defendant attended a party where he became involved in an argument with Miguel Angel Herrera and his brother J.A., who were hired to be DJs.[2] Defendant pulled out a gun during the argument, put it away, but then shot Herrera and J.A. when the argument turned into a fight. Defendant and his friends were yelling a Sureño gang name, Vicky's Town. Defendant fired multiple shots. Herrera was killed by a gunshot to the chest. Defendant told his girlfriend that he had shot people coming at him at the party but claimed it was in self-defense.

In January 2002, defendant was charged in an amended complaint with the murder of Herrera (§ 187; count 1), attempted premeditated murder of J.A. (§§ 664/187, subd. (a); count 2), and one count of street terrorism (§ 186.22, subd. (a); count 3), along with the enhancements as to counts 1 and 2 that defendant committed the crimes for the benefit of a criminal street gang (§ 186, subd. (b)(1)) and personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)).

In June 2002, the parties reached a plea agreement wherein the information was amended to charge defendant with voluntary manslaughter (§ 192, subd. (a); count 1) and assault with a firearm (§ 245, subd. (a)(2); count 2). Defendant pleaded no contest to

---

[2] This brief factual summary is based on the preliminary hearing transcript, which the parties stipulated formed the factual basis for defendant's plea.

2

count 1 and admitted enhancements as to that count charging gang involvement (§ 186.22, subd. (b)(1)) and firearm use (§ 12022.5, former subd. (a)(1)), and no contest to count 2, and admitted enhancements as to that count charging firearm use (§ 12022.5, former subd. (a)(1)) and great bodily injury (§ 12022.7).  The agreed-upon sentence was the upper term of 11 years on count 1, plus 10 years each for the gang and firearm enhancements, and one-third the middle term of one year on count 2, plus one year for the great bodily injury enhancement and one-third the middle term of one year four months for the firearm enhancement, for a total aggregate sentence of 34 years four months in prison.  In August 2002, the trial court sentenced defendant in accordance with the plea agreement.

In March 2022, defendant filed a section 1172.6 petition for resentencing and requested appointment of counsel.  The trial court appointed counsel, directed the parties to submit briefing, and set a hearing date.

In November 2022, the People opposed the petition arguing that defendant was not entitled to relief as a matter of law, because no complaint or information filed against defendant would allow the prosecution to proceed under the felony-murder rule or under the natural and probable consequences doctrine and defendant was the actual killer as evidenced by his admission to personal use of a firearm (§ 12022.5, subd. (a)).  In April 2023, defendant's appointed counsel filed a reply acknowledging it did not appear that defendant was convicted under the natural and probable consequences doctrine or any other theory imputing malice to him based solely on his participation in a crime.  Counsel also requested to re-open the sentencing hearing under *People v. Franklin* (2016) 63 Cal.4th 61 and section 3051 to include mitigating evidence of the hallmarks of youth. Defense counsel pointed out that defendant was 19 years old at the time of the crime and no mitigating evidence relating to his youth was allowed at the time of his original sentencing.

On July 3, 2023, the trial court conducted a hearing on whether defendant had made a prima facie showing of eligibility for section 1172.6 relief. At the hearing, defense counsel stated he had an opportunity to review the preliminary hearing transcript. Counsel noted that defendant was convicted as a result of a plea and stated, "I don't see a basis for a 1172.6 resentencing." The People added that "it's pretty clear that [defendant] does not qualify under Penal Code section 1172.6, as he was the actual and only killer in this particular case." The trial court ruled that "with regard to the facts of this case, it does appear that [defendant] was the actual killer and under that [*sic*] he did not qualify for resentencing pursuant to Penal Code section 1172.6. So he, as a matter of law, cannot make a prima facie showing. And the petition for resentencing pursuant to Penal Code section 1172.6 is denied." The trial court thereafter set a *Franklin* hearing, noting, however, that such a hearing does not re-open sentencing.

The court's minute order from the hearing denying defendant's petition states: "The Court finds defendant was the actual killer and could still be convicted of murder despite the change in law as set forth in the record."

Defendant timely appealed.

## DISCUSSION

The independent review procedures described by *Wende* are not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-225.) Where, like here, the defendant has been notified that his appeal may be dismissed pursuant to *Delgadillo* and he files a supplemental brief raising various issues he wants considered, we must evaluate the specific arguments presented in the defendant's supplemental brief, but we are not required to independently review the record, although we may exercise our discretion to do so. (*Id.* at pp. 228-232.)

Applying the guidance of *Delgadillo*, we turn to the issues defendant raises in his supplemental brief. Defendant first contends the attorney appointed to represent him in

4

the trial court did not make the arguments that he requested or research cases with facts similar to his case. Defendant adds that appointed counsel told him that he had confused a section 1172.6 petition with a request for a *Franklin* hearing. Defendant asserts that appointed counsel said he would do all he could to assure defendant was resentenced, but instead did the opposite. Finally, defendant claims that appointed counsel said he would work with appellate counsel to assure defendant was resentenced but did not do so.

We construe these claims as a general claim of ineffective assistance of counsel in the trial court proceedings. To prevail on a claim of ineffective assistance of counsel, defendant bears the burden of showing (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217; *People v. Haskett* (1990) 52 Cal.3d 210, 248 [the defendant bears the burden of proof on an ineffective assistance counsel claim].) " 'Surmounting *Strickland*'s high bar is never an easy task.' " (*Harrington v. Richter* (2011) 562 U.S. 86, 105.) Defendant failed to meet that burden here.

Defendant's claim of ineffective assistance of counsel fails because he cannot show prejudice. "When an appellant is unable to establish prejudice, a claim of ineffective assistance of counsel fails, and we need not determine whether the complained of conduct was deficient. [Citation.] To establish prejudice, an appellant must show that but for counsel's assertedly deficient representation it was reasonably probable that the outcome of the proceeding would have been more favorable to the appellant." (*People v. Cuevas* (2001) 89 Cal.App.4th 689, 696; see also *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241 [" 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed,' " quoting *Strickland v. Washington*, *supra*, 466 U.S. at p. 697].)

Here, defendant pleaded guilty to manslaughter--the killing of Herrera--and admitted he used a firearm to kill. Counsel for the parties stipulated that the preliminary hearing transcript served as the factual basis for the plea. The testimony from the preliminary hearing demonstrated that witnesses attending the party saw defendant shoot Herrera, and defendant told his girlfriend that he shot people at the party. Defendant was the only person charged with killing Herrera and the prosecution pursued no other theory at the preliminary hearing save that defendant was the actual killer. Thus, the record of conviction established that defendant was the actual killer and ineligible for section 1172.6 relief. (See *People v. Mares* (2024) 99 Cal.App.5th 1158, 1166-1168 [defendant pleaded guilty "while the People were pursuing a murder conviction based only on the theory that he was the actual killer"]; see also *People v. Patton* (2023) 89 Cal.App.5th 649, 657-658.) Since defendant was ineligible for relief under section 1172.6 as a matter of law, the deficiencies defendant claims in counsel's representation could not have prejudiced him and his ineffective assistance of counsel claim fails. (See *People v. Flores* (2023) 96 Cal.App.5th 1164, 1176.)

Defendant also claims his appointed appellate counsel stated that he would not aid defendant because counsel was not being paid and defendant was not financially stable enough to pay an attorney. Defendant specifically claims that appointed appellate counsel refused to raise claims defendant proposed based on the California Racial Justice Act, section 745, subdivision (a), which we note are not reviewable on appeal from denial of a petition under section 1172.6. (See *People v. Huff* (2021) 63 Cal.App.5th 428, 438.) Appellate counsel is permitted to file a *Wende/Delgadillo* brief if, after evaluating an appeal, counsel finds no specific issues to raise. (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) To the extent defendant claims ineffective assistance by appellate counsel, since we conclude that the record of conviction established that defendant was ineligible for section 1172.6 relief as a matter of law, counsel could not have rendered deficient

6

performance by failing to raise meritless issues on appeal.  (See *People v. Lucero* (2000) 23 Cal.4th 692, 732.)

## DISPOSITION

The order denying defendant's petition under section 1172.6 is affirmed.


                                        /s/
                                _____
                                Duarte, Acting P. J.



We concur:




    /s/
_____
Krause, J.




    /s/
_____
Mesiwala, J.

7